**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARRINGTON MORTGAGE SERVICES, LLC,

    Plaintiff/Counter-Defendant,

v.                                                   Case No: 6:16-cv-227-Orl-40KRS

ABDIEL ECHEVERRIA, et al.,

    Defendants/Counter-Plaintiffs.
_____

ABDIEL ECHEVERRIA, et al.,

    Third-Party Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Third-Party Defendants.
_____

## ORDER

This matter is before the Court on Defendants/Counter-Plaintiffs Abdiel Echeverria and Isabel Santamaria's Motion for Remand and Memorandum of Law (Doc. 19), filed February 29, 2016. Third-party Defendant, Bank of America, N.A., filed its response in opposition (Doc. 26), on March 11, 2016. Upon consideration, the motion for remand is due to be granted.

**I.   BACKGROUND**

On September 11, 2015, Plaintiff, Carrington Mortgage Services, LLC ("Carrington"), filed a Verified Complaint in the Eighteenth Judicial Circuit, Brevard County, Florida, against Defendants, Abdiel Echeverria and Isabel Santamaria, to

1

foreclose a mortgage on real property. (Doc. 2). On January 2, 2016, Echeverria and Santamaria filed their Answer, Affirmative Defenses, and Counterclaim against Carrington. (Doc. 7). Included within their Counterclaim were claims against Bank of America, N.A. ("BANA"), BAC Home Loans Servicing, LP., Countrywide Home Loans, Inc., and Marinosci Law Group, P.C. (*Id.*). On February 10, 2016, BANA removed the action to this Court. (Doc. 1).

In its Notice of Removal, BANA contends that the claims asserted against it by Echeverria and Santamaria, although labeled as "counterclaims," are actually third-party claims, thus making BANA a third-party defendant. (Doc. 1, ¶ 4). BANA submits that the third-party claims include allegations of violations of federal law by BANA, to wit: the Fair Credit Reporting Act and the Real Estate Settlement Procedures Act. (*Id.*). BANA further contends that complete diversity exists among the parties, (*id.* ¶ 8), and that it removed the action from state court pursuant to 28 U.S.C. § 1441(a), (*id.* ¶¶ 10, 13). Echeverria and Santamaria now move to remand this case back to state court due to a procedural defect in BANA's removal. The issue before the Court is whether 28 U.S.C. § 1441(a) empowers a third-party defendant, such as BANA, to remove litigation from state court to federal court.

## II.   DISCUSSION

"[I]t is axiomatic that removal statutes, which confer jurisdiction on the federal district courts, must be strictly construed." *Chevy Chase Bank, F.S.B. v. Carrington*, 2010 WL 1854123, at *2 (M.D. Fla. May 10, 2010). It is the removing party's burden to prove that removal is proper and any doubts concerning the propriety of removal must be

2

resolved in favor of remand to state court. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1291–92 (M.D. Fla. 2003).

It is clear that BANA's removal of this case is inappropriate regardless of whether federal question or diversity jurisdiction is otherwise present. The statutory language makes it plain that only "the defendant or the defendants" may remove under § 1441(a). *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). The majority view is that third-party defendants are not "defendants" for purposes of § 1441(a) because the determination of who is a defendant is determined by the original complaint, not subsequent third-party complaints. *Id.*; *see also Dixie Elec. Co-op v. Citizens of State of Ala.*, 789 F.2d 852, 857 & n.16 (11th Cir. 1986) (finding removal improper where no claim was asserted against the removing party in the original action because that party was not a "defendant" under § 1441(a)).

In its response in opposition, BANA cites *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980), for the proposition that a third-party defendant may properly remove a case from state court where federal question jurisdiction exists. BANA is absolutely correct that *Carl Heck* remains good law in this Circuit[1] and permits third-party defendants to remove an action pursuant to § 1441(c) under certain circumstances. However, BANA removed the instant case pursuant to § 1441(a), not §1441(c). (Doc. 1, ¶¶ 10, 13). It is clear that a third-party defendant may not remove an action under that provision. As a result, this case must be remanded to state court.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants/Counter-Plaintiffs Abdiel Echeverria and Isabel Santamaria's Motion for Remand (Doc. 19) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

3. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

4. The Clerk of Court is further **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties